IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK FELIX WIRFEL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:2007-311 |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCIS J. LEAHEY, | ) | |
| NORMAN A. KRUMENACKER, III, | ) | |
| TIMOTHY P. CREANY, | ) | JUDGE GIBSON |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on several motions: Judicial Defendants' Motion to Dismiss Plaintiff's Complaint (Document No. 12), and four motions of the *pro se* Plaintiff each entitled "Motion" but which have been docketed by the Clerk of Court as Motion to Suspend Child Support Payments Until An Outcome Has Been Reached in This Case (Document No. 20), Motion for Explanation (Document No. 21), Motion to File "Letter of Truth" as an Exhibit (Document No. 23) and Motion to Urge Cambria County Domestic Relations to Suspend Arrears "Support" Payments Pending the Outcome of this Case (Document No. 24). The Judicial Defendants' Motion to Dismiss will be granted and all of the Plaintiff's motions will be denied as moot.

The Plaintiff's Complaint alleges a denial of "his First Amendment of the United States Constitutional Right to voice opinion of Religion to his own two children." Complaint (Document No. 3), p. 1. The Plaintiff's *pro se* Complaint attempts to invoke this Court's subject matter jurisdiction

under both 28 U.S.C. §§ 1331, 1332, but it is clear that all of the parties are residents of Pennsylvania, thus destroying any basis for diversity jurisdiction under § 1332. However, the Plaintiff's allegation of a First Amendment violation presents a valid basis for this Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is proper under 28 U.S.C. § 1391(b). The Defendants have not answered the Complaint, but have filed a Motion to Dismiss.

The Court is familiar with the Plaintiff as it recently ruled in his favor on his petition for habeas corpus regarding his state criminal sentence imposed by Judge Creany for threats made by the Plaintiff against Judge Krumenacker. *See* C.A. No. 3:2005-25, Document No. 30, p. 2. Prior that sentence Judge Krumenacker had sentenced the Plaintiff on criminal charges based upon his threats toward Judge Leahey. *Id.* at pp. 1-2. Judge Creany imposed a suspended sentence upon the Plaintiff, an illegal sentence under Pennsylvania law, and this Court ordered the Plaintiff's release. The entire history of those events will not be recounted here, but appears to be part of the basis of the Plaintiff's Complaint.

The Plaintiff's present allegation of a First Amendment violation appears to stem from alleged physical and emotional injuries suffered by him as a result of the orders of court entered by the Defendants in their capacity as judges for the Court of Common Pleas of Cambria County. Complaint, pp. 2-3. These orders related to the removal of his children from his custody and also his incarceration for his criminal acts. *Id.* The three Defendants raise three arguments in their motion to dismiss: the Complaint fails to state a claim, judicial immunity applies to their actions and the statute of limitations has expired on the Plaintiff's claims. *See generally* Defendants' Brief (Document No. 13). Despite accepting the "factual allegations [in the plaintiff's complaint] as true" and reading these allegations "in the light most favorable to the plaintiff" as this Court is required to do, *Phillips v. County of*

2

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), it must dismiss the Plaintiff's Complaint because judicial immunity applies to the actions of the Defendants.

In the case of *Stump v. Sparkman*, 435 U.S. 349 (1978), the United States Supreme Court reviewed the application of the doctrine of judicial immunity in the context of a civil rights action pursuant to 42 U.S.C. § 1983. In 1971, a mother in Indiana sought to have her daughter (then fifteen years old) sterilized and in furtherance of this operation presented an *ex parte* petition to Judge Harold Stump for his approval. *Stump* at 351. The petition sought the court's approval for a tubal ligation procedure to be performed upon the mentally retarded daughter and to indemnify and hold harmless the doctor who was to perform it. *Id.* Judge Stump approved the petition. *Id.* Two years later, the daughter married and then discovered she had been sterilized only after her unsuccessful efforts to become pregnant. The issue before the Supreme Court was whether judicial immunity applied to Judge Stump's action in approving the petition. *Id.* at 355.

With respect to the doctrine of judicial immunity, the Supreme Court recognized: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Stump* at 356-357. (citation omitted). Describing what is considered a "judicial act", which is protected under judicial immunity, the Court recognized that "[t]he relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.* whether they dealt with the judge in his judicial capacity." *Stump* at 362. The Court found that Judge Stump was immune for his approval of the *ex parte* petition. *Stump* at 364.

3

Applying the rule of *Stump* to the case *sub judice*, it is clear that judicial immunity applies to the actions of the Defendants in their roles of Court of Common Pleas judges. Their orders related to the legal and physical custody of the Plaintiff's children as well as the orders of conviction that sentenced him to prison were all executed in the course of Defendants' duties as elected judicial officers for the Commonwealth of Pennsylvania. Their motivation in executing those orders or the legal validity of those orders play no role in the application of the doctrine of judicial immunity. Judicial immunity applies regardless of a judge's motivation or the legal validity of his orders. The Plaintiff does not otherwise allege that the Defendants acted outside of their judicial capacities or that they were without any jurisdiction when they executed any of the subject orders of court.

Because of the application of judicial immunity to the Defendants' actions, it would be "futile" for the Court to *sua sponte* permit the Plaintiff to amend his civil rights Complaint. *Fletcher-Harlee v. Pote Concrete Contractors*, 482 F.3d 247, 251 (3d Cir. 2007). Therefore, the Plaintiff's Complaint must be dismissed in light of the application of the doctrine of judicial immunity. The Court need not reach the Defendants' remaining two arguments in favor of dismissal.

The remaining four motions of the *pro se* Plaintiff, namely the Motion to Suspend Child Support Payments Until An Outcome Has Been Reached in This Case (Document No. 20), Motion for Explanation (Document No. 21), Motion to File "Letter of Truth" as an Exhibit (Document No. 23) and Motion to Urge Cambria County Domestic Relations to Suspend Arrears "Support" Payments Pending the Outcome of this Case (Document No. 24) respectively are denied as moot because of the dismissal of this matter.

The *pro se* Plaintiff is advised that in accordance with Federal Rule of Appellate Procedure 4 he has thirty days file a notice of appeal with the Clerk of Court should he desire to appeal this Court's ruling to the Court of Appeals for the Third Circuit.

An appropriate Order follows.

AND NOW, this 2nd day of March, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Judicial Defendants' Motion to Dismiss Plaintiff's Complaint (Document No. 12) is GRANTED and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT the Plaintiff's Motion to Suspend Child Support Payments Until An Outcome Has Been Reached in This Case (Document No. 20), Motion for Explanation (Document No. 21), Motion to File "Letter of Truth" as an Exhibit (Document No. 23) and Motion to Urge Cambria County Domestic Relations to Suspend Arrears "Support" Payments Pending the Outcome of this Case (Document No. 24) are DENIED AS MOOT.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE